Matter of Matic (2019 NY Slip Op 04303)





Matter of Matic


2019 NY Slip Op 04303


Decided on May 30, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
Barbara R. Kapnick
Marcy L. Kahn
Ellen Gesmer
Cynthia S. Kern, Justices.


M 1836

[*1]In the Matter of Jessica E. Matic (admitted as Jessica Esmeralda Matic), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jessica E. Matic, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jessica E. Matic, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on June 25, 2014.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Jessica E. Matic was admitted to the practice of law in the State of New York by the Third Judicial Department on June 25, 2014 under the name Jessica Esmeralda Matic. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
In July 2018, the Attorney Grievance Committee (the Committee) moved for respondent's immediate suspension from the practice of law, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), based on her failure to answer a complaint alleging her involvement in a mortgage rescue scam and to appear for a deposition as directed by judicial subpoena. Respondent did not appear in opposition to the Committee's motion. Accordingly, by order entered September 20, 2018, this Court immediately suspended respondent from the practice of law until further order of the Court (165 AD3d 45 [1st Dept 2018]).
A notice of entry was served on respondent by priority mail and certified mail return receipt requested, as well as by email. A USPS tracking record shows the priority mailing as "Delivered, In/At Mailbox" and the certified mail as "Delivered, Left with Individual" on September 27 and 28, 2018, respectively. The Committee received back a signed return receipt.
The September 20, 2018 order advised respondent that, inter alia, she may request a post-suspension hearing pursuant to 22 NYCRR 1240.9(c), but she did not do so.
The Committee's prior notice of motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension, may be disbarred without further notice."
The Committee now seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the ground that she was immediately suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension. Although served with this motion, respondent has not submitted a response.
Accordingly, inasmuch as more than six months have elapsed since this Court's September 20, 2018 suspension order, and respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and her name stricken from the roll of attorneys in the State of New York (Matter of Aris, 169 AD3d 70 [1st Dept 2019]; Matter of Pomerantz, 166 AD3d 26 [1st Dept 2018]; Matter of Freidman, 162 AD3d 14 [1st Dept 2018]).
All concur.
Order filed. [May 30, 2019]
Motion granted. Respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.